O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EDUARDO QUEZADA,                    )   NO. ED CV 07-67-E
                                    )
                    Plaintiff,      )
                                    )
        v.                          )   **MEMORANDUM OPINION**
                                    )
JO ANNE B. BARNHART, COMMISSIONER   )   **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,  )
                                    )
                    Defendant.      )
_____)

        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


                        **PROCEEDINGS**


        Plaintiff filed a complaint on January 26, 2007, seeking

review of the Commissioner's denial of benefits.  The parties filed a

consent to proceed before a United States Magistrate Judge on

February 20, 2007.  Plaintiff filed a motion for summary judgment on

July 6, 2007.  Defendant filed a cross-motion for summary judgment
on August 3, 2007.  The Court has taken both motions under submission
without oral argument.  See L.R. 7-15; "Order," filed January 30,
2007.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former machine operator and assembler, asserts
disability based on a combination of alleged impairments
(Administrative Record ("A.R.") 13-313).  The Administrative Law
Judge ("ALJ") found Plaintiff has severe impairments, but retains the
residual functional capacity to perform light work with certain
restrictions, including the need to avoid working around "hazardous
conditions such as machinery" (A.R. 15).  In apparent reliance on the
testimony of a vocational expert, the ALJ found Plaintiff still can
perform Plaintiff's past relevant work as a machine operator and
assembler (A.R. 17-18).  The Appeals Council denied review (A.R. 3-
5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the
Commissioner's decision to determine if: (1) the Commissioner's
findings are supported by substantial evidence; and (2) the
Commissioner used proper legal standards.  See Swanson v. Secretary,
763 F.2d 1061, 1064 (9th Cir. 1985).

///

///

**DISCUSSION**

The Administration may deny disability benefits when the claimant can perform the claimant's past relevant work as "actually performed," or as "usually" or "generally" performed.  <u>Pinto v. Massanari</u>, 249 F.3d 840, 845 (9th Cir. 2001).  Although the claimant has the burden of proving an inability to perform his or her past relevant work, "the ALJ still has a duty to make the requisite factual findings to support his [or her] conclusion."  <u>Id.</u> at 844. "To determine whether a claimant has the residual capacity to perform his [or her] past relevant work, the [Administration] must ascertain the demands of the claimant's former work and then compare the demands with his [or her] present capacity."  <u>Villa v. Heckler</u>, 797 F.2d 794, 797-98 (9th Cir. 1986); <u>see</u> 20 C.F.R. § 404.1520(e).

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

> 1.   A finding of fact as to the individual's RFC [residual functional capacity].

> 2.   <u>A finding of fact as to the physical and mental demands of the past job/occupation</u>.

> 3.   A finding of fact that the individual's RFC would permit a return to his or her past

1          job or occupation.  SSR 82-62 (emphasis
2          added).[1]

3

4 See Dealmeida v. Bowen, 699 F. Supp. 806, 807 (N.D. Cal. 1988).

5

6      In making these findings, the ALJ must conduct a searching
7 inquiry and analysis.

8

9          The decision as to whether the claimant retains the
10          functional capacity to perform past work which has
11          current relevance has far-reaching implications and
12          must be developed and explained fully in the disability
13          decision.  Since this is an important and, in some
14          instances, a controlling issue, every effort must be
15          made to secure evidence that resolves the issue as
16          clearly and explicitly as circumstances permit.

17

18          Reasonable inferences may be drawn, but presumptions,
19          speculations and suppositions must not be used.  SSR
20          82-62.

21

22      In the absence of contrary evidence, courts will presume that
23 the Dictionary of Occupational Titles ("D.O.T.") accurately describes
24 the requirements of particular jobs.  See, e.g., Terry v. Sullivan,
25 903 F.2d 1273, 1276-77 (9th Cir. 1990).  An explanation, and

26 _____

27      [1]   ALJs must follow Social Security Rulings such as SSR 82-
28 62.  See, e.g., Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th
   Cir. 1990).

4

"persuasive" supporting evidence, must accompany any administrative
deviation from the D.O.T.  <u>See</u> <u>Light v. Social Security</u>
<u>Administration</u>, 119 F.3d 789, 794 (9th Cir. 1997); <u>Johnson v.</u>
<u>Shalala</u>, 60 F.3d 1428, 1435 (9th Cir. 1995).  Moreover, the ALJ "has
an affirmative responsibility to ask about any possible conflict
between . . . [vocational expert opinion] . . . and information
provided in the DOT."  SSR 00-4p.

     Absent further record development, substantial evidence does
not support the conclusion Plaintiff can perform his past relevant
work notwithstanding a need to avoid working around "hazardous
conditions such as machinery."  In describing Plaintiff's prior work
as performed, Plaintiff reported a requirement that he use machines
in such work (A.R. 116, 148-49).  With respect to both jobs
identified, the D.O.T. appears to reflect requirements that work
occur around potentially dangerous machinery.  <u>See</u> D.O.T. 726.261-
010, 616.380-018.  Neither the ALJ nor the vocational expert
explained the apparent deviation from the D.O.T. (A.R. 310-13).
Neither the ALJ nor the vocational expert explained how Plaintiff
could perform Plaintiff's past relevant work notwithstanding a
machinery-related restriction.  <u>Id.</u>[2]

     When a court reverses an administrative determination, "the
proper course, except in rare circumstances, is to remand to the

---

[2]     In fact, the vocational expert erroneously may have
assumed an absence of any environmental restriction.  The
vocational expert appeared to misinterpret the opinion of the
consultative orthopedist as indicating Plaintiff could perform the
"full range of light work" (A.R. 311).

agency for additional investigation or explanation." <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  September 12, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3]   The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.